MDR

1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No.   CV-24-00077-TUC-JGZ |
| Plaintiff, | |
| v. | **ORDER** |
| C. Ruley, et al., | |
| Defendants. | |

Self-represented Plaintiff Alfred E. Caraffa, who is confined in the Arizona State Prison Complex-Tucson, filed a civil rights Complaint (Doc. 1) and a "Motion [for] Recusal of Assigned Judge" (Doc. 5).  The Court will deny the Motion for Recusal and will dismiss the Complaint and this action, without prejudice, pursuant to 28 U.S.C. § 1915(g).

**I.    Motion for Recusal**

Plaintiff requests the undersigned recuse herself because the undersigned has "a personal bias against [Plaintiff] for challenging constitutional laws and for being transsexual," has "favoritism toward corruption," and is "corrupt and does her corruption with malicious and intentional acts"; and because Plaintiff is "seeking . . . her i[m]peac[h]ment trial."

The Court has explained the requirements for recusal to Plaintiff in numerous orders in other actions.  *See Caraffa v. Thornell*, CV-23-00312-TUC-JGZ (D. Ariz. Oct. 18,

1   2023); *Caraffa v. Simmons*, CV-23-00357-TUC-JGZ (D. Ariz. Oct. 24, 2023).  The Court

2   will not waste its judicial resources restating them.

3   Plaintiff has not filed an affidavit alleging facts to support a conclusion that

4   undersigned has exhibited bias or prejudice that stems from an extrajudicial source, and

5   Plaintiff's Motion for Recusal does not contain any facts to support such a conclusion.  The

6   undersigned cannot conclude the grounds advanced by Plaintiff would cause a reasonable

7   person with knowledge of all the relevant facts to question the undersigned's impartiality.

8   Thus, the Court, in its discretion, will deny Plaintiff's Motion for Recusal.  *See* 28 U.S.C.

9   §§ 144, 455.

10  **II.   Dismissal of Plaintiff's Complaint**

11  Because at least three of Plaintiff's prior actions were dismissed for failing to state

12  a claim upon which relief may be granted,[1] Plaintiff may not bring a civil action without

13  complete prepayment of the filing and administrative fees unless Plaintiff is in imminent

14  danger of serious physical injury.  28 U.S.C. § 1915(g).  The "imminent danger" exception

15  applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent

16  danger of serious physical injury' at the time of filing."  *Andrews v. Cervantes*, 493 F.3d

17  1047, 1055 (9th Cir. 2007) (quoting § 1915(g)).

18  The allegations in Plaintiff's twelve-count Complaint do not plausibly suggest

19  Plaintiff is in imminent danger of serious physical injury.[2]  Thus, the Court will dismiss

20  Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g).  If Plaintiff

21

22

23  [1] *See Caraffa v. Maricopa Cnty. Sheriff's Dep't*, CV-20-00013-PHX-MTL (ESW);
24  *Caraffa v. Maricopa Cnty. Sheriff's Off.*, CV-20-00227-PHX-MTL (ESW); and *Caraffa v. CHS*, CV-20-00256-PHX-MTL (ESW).

25  [2] Plaintiff raises claims regarding events that took place in 2019 (Counts 1 and 2);
26  the grievance process and a deprivation of legal supplies (Counts 9, 10, and 11); Arizona Department of Corrections, Rehabilitation & Reentry (ADC) employees denying
27  Plaintiff's requests to contact the Federal Bureau of Investigation, using "retaliation" because Plaintiff knows about and is trying to report "information in murder
28  investigations," and trying to "intimi[]date [Plaintiff] not be witness" (Counts 3 and 4); and employees of the Maricopa County Sheriff's Office, Phoenix Police Department, and ADC committing various criminal offenses (Counts 5, 6, 7, 8, and 12).

wants to reassert these claims in the future, Plaintiff must pay the filing and administrative fees in full when filing the new action.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Recusal (Doc. 5) is **denied**.

(2)     Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g).  If Plaintiff wishes to reassert these claims in the future, Plaintiff must pay the filing and administrative fees in full when filing the new action.

(3)     The Clerk of Court must enter judgment accordingly and close this case.

(4)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 5th day of March, 2024.


Jennifer G. Zipps
United States District Judge